# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20241
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 17, 2016

Lyle W. Cayce
Clerk

In the Matter of: ROBERT T. SMITH,

> Debtor

---

DAN HENNIGAN; DELIA STEPHENS,

> Appellants

v.

ROBERT T. SMITH,

> Appellee

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1313

---

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This bankruptcy appeal concerns whether someone who plans to sell and move from his residence as soon as possible may still claim that property as homestead. On the facts of this case, we agree with the bankruptcy and district courts that the homestead exemption applies. AFFIRMED.

Robert T. Smith, debtor, acquired an interest in a residence in Crosby,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20241

Texas (the "Property"), under the will of his aunt, Barbara Christley. In 2005, Smith, an American citizen, was living in Australia. At Christley's request, he moved in with and cared for her until she died in January 2008. Under Christley's will, Smith was to receive the Property as well as 50% of the residual estate. After Christley's death, a dispute arose between Smith and the executor of Christley's estate. As a result, Smith hired the appellants, attorneys Dan Hennigan and Delia Stephens, to represent him. Four years of litigation followed, culminating in a settlement whereby Smith agreed to receive the Property in exchange for forfeiting his 50% share of the residuary estate. Smith was deeded the Property on September 26, 2011. On October 27, Smith filed for Chapter 7 bankruptcy, claiming the Property as homestead and therefore exempting it. Hennigan and Stephens sought to recover what they claimed from their contingency-fee contract with Smith.

In bankruptcy court, Hennigan and Stephens argued that Smith should not have been able to claim the Property as a homestead. Because he clearly intended to return to Australia, they asserted he could not also intend to make the Property his homestead. The bankruptcy court disagreed: "Debtor has established the homestead character of his property by living there for the last eight years and claiming the property as his homestead." The district court affirmed: "Even if the Court were to inquire into Debtor's intentions, he merely discussed a *future* move back to Australia, without any definite plans to do so." On appeal to this court, Hennigan and Stephens argue Smith always intended to sell the Property and return to Australia. It was only due to protracted litigation that Smith lived in the house for an extended period of time.

"[H]omesteads are favorites of the law, [and] we must give a liberal construction to the constitutional and statutory provisions that protect homestead exemptions. Indeed, we must uphold and enforce the Texas homestead laws even though in so doing we might unwittingly assist a

No. 16-20241

dishonest debtor in wrongfully defeating his creditor." *In re Bradley*, 960 F.2d 502, 507 (5th Cir. 1992) (citations and quotation marks omitted). "It is well settled in Texas that an individual who seeks homestead protection has the initial burden to establish the homestead character of her property." *Id.* To meet this burden, "the claimant must have a possessory interest in the homestead he or she is claiming. But [m]ere ownership or possessory interest is not of itself sufficient to establish a homestead. A claimant must show both (i) overt acts of homestead usage and (ii) the intention on [his] part . . . to claim the land as a homestead." *In re Saldana*, 531 B.R. 141, 156 (Bankr. N.D. Tex. 2015) (quotation marks omitted). Once a property is established as homestead, it can only be lost through death, abandonment, or alienation. *In re Perry*, 345 F.3d 303, 310 (5th Cir. 2003). In determining homestead status, we consider the facts as they existed on the date Smith filed for bankruptcy. *White v. Stump*, 266 U.S. 310, 313 (1924).

The strongest statement about Smith's intentions is this: when asked if it was his "intent from the get-go that [he was] going to get the house and sell it and go back," Smith responded, "And go back to Australia? . . . Yes." Smith, however, immediately clarified: "In the long run that was my intent. My family is there. I have children there."

We agree with the district court. Though Smith has consistently been clear that he intends eventually to sell the Property and move to Australia, there is no evidence showing that when Smith declared bankruptcy, he lacked the intention of making the Property his homestead. The fact that a party desires to sell the property and move does not defeat the exemption. *Bradley*, 960 F.2d at 509.

AFFIRMED.

3